1  McGREGOR W. SCOTT
   United States Attorney.
2  TODD A. PICKLES
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900

5

6  Attorneys for Plaintiff
   United States of America

7

**FILED**

**JAN 1 1 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            CASE NO. 2:18 - CR - 0 0 0 8 GEB

                       Plaintiff,       VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18
12                                       U.S.C. § 1957 – Monetary Transaction Involving
                       v.                Criminally Derived Funds (4 counts); 18 U.S.C.
13                                       §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C.
   DEREK BLUFORD,                        § 2461(c) – Criminal Forfeiture
14
                       Defendant.
15

16

17                   I N D I C T M E N T

18 COUNT ONE: [18 U.S.C. § 1343 – Wire Fraud]

19     The Grand Jury charges: T H A T

20                   DEREK BLUFORD,

21 defendant herein, as follows:

22              I.     INTRODUCTION

23     At all relevant times,

24     1.     Defendant DEREK BLUFORD was an individual who worked and resided in

25 Sacramento, California.  BLUFORD was not licensed to practice law in California.

26     2.     BLUFORD owned and operated a company called California Legal Pros (CLP) that

27 advertised that it offered legal services to owners of rental property, including in connection with

28 disputes between owners and tenants.  BLUFORD also owned and operated a similar business called

INDICTMENT                              1

1  Quicklegal.  BLUFORD controlled bank accounts in the names of CLP and Quicklegal.

2      3.      Person 1 and Person 2 were married and jointly owned a rental property in Discovery

3  Bay, California.  Discovery Bay was a community located within Contra Costa County.

4      4.      In 2012, Person 1 and Person 2 leased their Discovery Bay rental property to Person 3.

5      5.      In 2014, Person 1 and Person 2 contacted BLUFORD in connection with a rental dispute

6  between them and Person 3.  .

7                    II.    SCHEME TO DEFRAUD

8      6.      Beginning no later than February 2014 and continuing until at least November 2014, in

9  the County of Sacramento, in the State and Eastern District of California, and elsewhere, defendant

10  DEREK BLUFORD did knowingly and intentionally devise, execute or attempt to execute, and

11  participate in a material scheme or artifice to defraud investors and for obtaining money or property

12  from those entities or individuals by means of false or fraudulent pretenses, representations, and

13  promises, and the concealment of material facts.

14                    III.    WAYS AND MEANS

15  In furtherance of the scheme and artifice to defraud, defendant DEREK BLUFORD employed,

16  among others, the following ways and means:

17      7.      BLUFORD represented to Person 1 and Person 2 that he was an attorney and that,

18  through CLP, BLUFORD would represent Person 1 and Person 2 in court if necessary.

19      8.      BLUFORD represented to Person 1 and Person 2 that, as a result of the lawsuit that

20  BLUFORD filed on behalf of Person 1 and Person 2 against Person 3 in Contra Costa County Superior

21  Court, Person 3 threatened to countersue Person 1 and Person 2 due to alleged mold issues at the rental

22  property, and that Person 3 had made a complaint to Contra Costa County about the habitability of the

23  rental property.  BLUFORD falsely represented to Person 1 and Person 2 that he negotiated a settlement

24  with Person 3 for Person 1 and Person 2 to pay $130,000 to Person 3 in exchange for Person 3 not filing

25  a lawsuit against Person 1 and Person 2.  Based on this representation and at Bluford's request, Person 1

26  and Person 2 provided BLUFORD money.  In truth and in fact, BLUFORD paid Person 3 less than

27  $5,000 from the money provided to him by Person 1 and Person 2 and used the remaining money

28  received from Person 1 and Person 2 for his own personal expenses.

INDICTMENT                                    2

9.    BLUFORD additionally falsely represented to Person 1 and Person 2 that, as part of the settlement negotiated with Person 3, Person 1 and Person 2 needed to provide money to make repairs to their rental property, and that BLUFORD would be responsible for finding and retaining a contractor to make the repairs. Based on these representations and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money. BLUFORD then falsely represented to Person 1 and Person 2 that the lowest bid BLUFORD received from a contractor to repair Person 1 and Person 2's rental property required additional funds. Based on this further representation and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD additional money. In truth and in fact, BLUFORD did not retain any contractor to do any repairs for Person 1 and Person 2's rental property, and used the purported repair money he received from Person 1 and Person 2 for his own personal expenses.

10.    BLUFORD further falsely represented to Person 1 and Person 2 that Contra Costa County had inspected the rental property and found mold, for which the county had fined Person 1 and Person 2 the amount of $10,500. BLUFORD falsely represented to Person 1 and Person 2 that CLP had paid the fine on Person 1 and Person 2's behalf. Based on these representations and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money. In truth and in fact, Contra Costa County had not inspected the rental property or imposed any fine on Person 1 or Person 2. Instead, BLUFORD used the purported fine payments received from Person 1 and Person 2 for his own personal expenses.

11.    BLUFORD further falsely represented that Contra Costa County and Discovery Bay imposed, collectively, additional fines based on Person 1 and Person 2 not responding to a complaint about mold at the rental property that Person 3 had allegedly e-mailed to Person 1 and Person 2. BLUFORD further falsely represented that Contra Costa County and Discovery Bay agreed to accept $244,000 as payment in full and that CLP had made the payment on behalf of Person 1 and Person 2. Based on these representations and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money. In truth and in fact, Contra Costa County and Discovery Bay had not imposed any fines. Nor had CLP paid any money to Contra Costa or Discovery Bay on behalf of Person 1 and Person 2. Instead, BLUFORD used the purported additional fine payments he received from Person 1 and Person 2 for his own personal expenses.

///

INDICTMENT

3

12.     BLUFORD then represented to Person 1 and Person 2 that, in an effort to reduce the fines BLUFORD falsely claimed Contra Costa County and Discovery Bay had imposed, he would represent Person 1 and Person 2 in a trial to prove that Person 1 and Person 2 had never received an email message from Person 3 complaining about mold.  BLUFORD requested $5,000 from Person 1 and Person 2 for his legal services.  Based on these representations and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money.  Thereafter, BLUFORD falsely represented to Person 1 and Person 2 that he had lost the trial and that Contra Costa County Superior Court had ordered Person 1 and Person 2 to pay costs of approximately $56,000.  BLUFORD further falsely represented that CLP had paid the amount on behalf of Person 1 and Person 2.  Based on these representations and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money.  In truth and in fact, there was no trial in Contra Costa County Superior Court and the court did not order Person 1 and Person 2 to pay costs.  Instead, BLUFORD used the purported court cost payments he received from Person 1 and Person 2 for his own personal expenses.

13.     After Person 1 and Person 2 informed BLUFORD of their desire to sell their rental property, BLUFORD represented to Person 1 and Person 2 that he would represent them in a trial to determine whether they could get insurance coverage for some of the costs that BLUFORD falsely represented they had incurred as a result of prior fines and repairs.  BLUFORD represented to Person 1 and Person 2 that the court filings that CLP made on behalf of Person 1 and Person 2 cost $7,200.  Based on this representation and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money.  Further, BLUFORD falsely represented to Person 1 and Person 2 that CLP had paid $40,000 to reserve a trial date in Contra Costa County Superior Court to determine whether Person 1 and Person 2 could get insurance coverage.  Based on this representation and at BLUFORD's request, Person 1 and Person 2 provided BLUFORD money.  In truth and in fact, BLUFORD did not file any documents with the Contra Costa Superior Court or pay any money to the court on behalf of Person 1 and Person 2 to determine insurance coverage.  Instead, BLUFORD used the purported additional court cost money provided to him by Person 1 and Person 2 for his own personal expenses.

14.     As a result of BLUFORD's fraud scheme, Person 1 and Person 2 lost at least $535,000.

///

1        IV.     THE INTERSTATE WIRE TRANSMISSION

2            15.     On or about October 27, 2014, in the State and Eastern District of California and

3    elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and

4    artifice to defraud, BLUFORD did knowingly cause Person 1 and Person 2 to send by interstate wire

5    transmission an electronic transfer of $30,000.00 from the bank account of Person 1 and Person 2 to a

6    bank account controlled by BLUFORD.

7            In violation of Title 18, United States Code, Sections 2 and 1343.

8

9    COUNTS TWO THROUGH FIVE: [18 U.S.C. § 1957 – Engaging in Monetary Transaction Involving
                                       Criminally Derived Proceeds]
10

11           The Grand Jury further charges: T H A T

12                                  DEREK BLUFORD,

13   defendant herein, on or about the dates below, in the Eastern District of California, did knowingly

14   engage and attempt to engage in a monetary transaction affecting interstate commerce, in criminally

15   derived property of a value greater than $10,000, such funds having been derived from specified

16   unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343:

17

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 2. | March 17, 2014 | $110,000 | Transfer to Bank of America account ending 4009 |
| 3. | April 18, 2014 | $238,000 | Transfer to Bank of America account ending 4009 |
| 4. | April 18, 2015 | $77,000 | Withdrawal from Bank of America account ending 4009 |
| 5. | October 27, 2015 | $28,000 | Transfer to account Bank of America ending 4009 |

26   All in violation of Title 18, United States Code, Sections 2 and 1957.

27   ///

28

INDICTMENT                                    5

1 | FORFEITURE ALLEGATION        [18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c)
2 |                                                        - Criminal Forfeiture]

3 |        1.        1.        Upon conviction of the offense alleged in Count One of this Indictment,

4 | defendant DEREK BLUFORD shall forfeit to the United States, pursuant to Title 18, United States

5 | Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or

6 | personal, which constitutes or is derived from proceeds traceable to such violation, including but not

7 | limited to the following:

8 |               a.        A sum of money equal to the total amount of proceeds traceable to such offense,

9 | for which the defendant is convicted.

10 |       2.        Upon conviction of one or more of the offenses alleged in Counts Two through Five of

11 | this Indictment, defendant DEREK BLUFORD shall forfeit to the United States, pursuant to Title 18,

12 | United States Code, Section 982(a)(1), all property, real or personal, involved in such violations, and

13 | any property traceable to such property, including but not limited to the following:

14 |               a.        A sum of money equal to the amount of money involved in the offenses, for

15 | which defendant is convicted.

16 |       3.        If any property subject to forfeiture as a result of the offenses alleged in Counts One

17 | through Five of this Indictment, for which defendant is convicted:

18 |               a.        cannot be located upon the exercise of due diligence;

19 |               b.        has been transferred or sold to, or deposited with, a third party;

20 |               c.        has been placed beyond the jurisdiction of the Court;

21 |               d.        has been substantially diminished in value; or

22 |               e.        has been commingled with other property which cannot be divided without

23 |                         difficulty;

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

INDICTMENT                                                        6

1   it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title

2   28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to

3   seek forfeiture of any other property of said defendant, up to the value of the property subject to

4   forfeiture.

5

6                                                    A TRUE BILL.

7                                                    /s/ Signature on file w/AUSA

8

9                                                    _____
                                                     FOREPERSON
10  McGREGOR W. SCOTT
    United States Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                                              7

2: 1 8 - CR - 0 0 0 8 GEB

No. _ _ _ _ _ _ _ _ _ _

---

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## DEREK BLUFORD

---

## I N D I C T M E N T

**VIOLATION(S):**   18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Monetary Transaction Involving Criminally Derived Funds (4 Counts); 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

---

*A true bill,*        **/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                          *Foreman.*

*Filed in open court this* _ _ _ _ 11 _ _ _ _ _ _ _ _ *day*

*of* _ JANUARY _ _ _ _ , *A.D.* 20 18 _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                          *Clerk.*

---

*Bail, $* **NO BAIL WARRANT PENDING HEARING**

---

GPO 863 525

## United States v. Derek Bluford
### Penalties for Indictment

**Defendant**
**DEREK BLUFORD**

### COUNT 1:

VIOLATION:           18 U.S.C. § 1343 – Wire Fraud

PENALTIES:           Maximum of 20 years imprisonment;
                     A fine of $250,000 or twice the gross loss or gross gain; or both fine and
                     imprisonment;
                     Maximum of 3 years supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNTS 2-5:

VIOLATION:           18 U.S.C. § 1957 – Monetary Transactions Involving Criminally Derived
                     Funds

PENALTIES:           Maximum of 10 years imprisonment;
                     A fine of $250,000 or twice the gross loss or gross gain; or both fine and
                     imprisonment;
                     Maximum of 3 years supervised release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION:           18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c)

PENALTIES:           As stated in the charging document