McGREGOR W. SCOTT
United States Attorney
AMY S. HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:18-CR-00008-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| DEREK BLUFORD, | DATE: June 25, 2020 |
| Defendant. | TIME: 10:00 a.m. |
| | COURT: Hon. Morrison C. England, Jr. |

This case is set for status on June 25, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 25, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until August 27, 2020, and to exclude time between June 25, 2020, and August 27, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced discovery in this case, including over 4000 pages of reports of interview, bank records, court documents, and other evidence obtain in this investigation. Additionally, counsel for defendant and the government continue to actively meet and confer regarding this case. These discussions have prompted additional points of investigation and research for defense counsel, and issues about which counsel must confer with his client.

b)      Counsel for defendant desires additional time to review the discovery, discuss the evidence with his client, including as it relates to potential defenses as well as potential resolution options, and to conduct fact investigation and legal research that affects both preparation for trial as well as potential resolution. The parties' continued discussions has also resulted in additional points of investigation and discussion with his client. Counsel continues to obtain information for consideration by the Unites States which may affect resolution and preparations for trial.

c)      Defense preparation has also been affected by defense counsel's other substantial work-related and personal commitments. Nevertheless, defense counsel continues to diligently prepare for trial and confer with the government.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation and/or deny

1    defendant continuity of counsel, taking into account the exercise of due diligence.

2            e)        The government does not object to the continuance.

3            f)        In addition to the public health concerns cited by the General Orders and

4    declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

5    ends-of-justice delay is particularly apt in this case because defense counsel's ability to confer

6    with his client has been affected by recent public health safety measures requiring social

7    distancing.  Additionally, defense counsel's ability to conduct the necessary investigation and

8    research for defense preparation has been affected by the public health safety measures instituted

9    in response to the COVID-19 pandemic.

10           g)        Based on the above-stated findings, the ends of justice served by continuing the

11   case as requested outweigh the interest of the public and the defendant in a trial within the

12   original date prescribed by the Speedy Trial Act.

13           h)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

14   et seq., within which trial must commence, the time period of June 25, 2020 to August 27, 2020,

15   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

16   because it results from a continuance granted by the Court at defendant's request on the basis of

17   the Court's finding that the ends of justice served by taking such action outweigh the best interest

18   of the public and the defendant in a speedy trial.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1     4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4     IT IS SO STIPULATED.

Dated:  June 18, 2020                     McGREGOR W. SCOTT
United States Attorney

/s/ AMY S. HITCHCOCK
AMY S. HITCHCOCK
Assistant United States Attorney

Dated:  June 18, 2020                     /s/ JEROME PRICE
JEROME PRICE
Counsel for Defendant
DEREK BLUFORD

## ORDER

IT IS SO ORDERED.

Dated:  June 21, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE