PHILLIP A. TALBERT
Acting United States Attorney
MICHAEL D. ANDERSON
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEREK BLUFORD,<br><br>                    Defendant. | CASE NO.  2:18-CR-008 MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: April 15, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## **BACKGROUND**

On December 17, 2020, defendant pleaded guilty to guilty to wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1957, obstruction of a federal investigation in violation of 18 U.S.C. § 1519, and making false statements to the United States in violation of 18 U.S.C. § 1001.  ECF 71, 77, 78.  Sentencing in this matter is set for April 15, 2021 at 10:00 a.m.  As set forth below, the parties jointly stipulate and agree to proceed with sentencing via videoconference in light of the ongoing COVID-19 pandemic.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

1   and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

2   case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23

3   § 15002(b)(2).

4        On March 29, 2020, the Judicial Conference of the United States made the findings required by

5   the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

6   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

7   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

8   functioning of the federal courts generally."

9        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

10   required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

11   and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

12   in person without seriously jeopardizing public health and safety."  General Order 620 further requires

13   that the defendant consent to remote proceedings.  Finally, the remote proceeding must be conducted by

14   videoconference unless "videoconferencing is not reasonably available."  In such cases, district courts

15   may conduct hearings by teleconference.

16        The Chief Judge of this District has reiterated these findings and the directives of General Order

17   620 through subsequent general orders, most recently through General Order 630 issued on April 2,

18   2021, which extended these findings and directives for an additional 90 days.  Accordingly, the findings

19   of the Judicial Conference and General Orders 620 and 630 establish that plea and sentencing hearings

20   cannot take safely take place in person.

21        In order to authorize sentencing hearings by remote means, however, the CARES Act—as

22   implemented by General Orders 620 and 630—also requires district courts in individual cases to "find,

23   for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

24   serious harm to the interests of justice."  General Order 630 further requires that the defendant consent

25   to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

26   "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

27   teleconference.

28        The parties hereby stipulate and agree that each of the requirements of the CARES Act and

General Order 620 and 630 have been satisfied in this case.  They request that the Court enter an order making the specific findings required by the CARES Act and General Orders 620 and 630.  Specifically, for the reasons further set forth below, the parties agree that:

1)     The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, the fact that the defendant pleaded guilty in December 2020 and wishes to proceed to sentencing at this time, and the additional backlog of cases that is likely to increase in this district if criminal matters do not proceed by videoconference when the defendant consents and a resolution has been reached between the parties; and

2)     The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.     On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.     In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4.     These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5.     On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice

1  social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

2  commence before May 1, 2020.

3        6.      On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

4  in the Eastern District of California to the public.  It further authorized assigned district court judges to

5  continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

6  Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

7  pandemic.

8        7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

9  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

10  resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

11  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

12  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

13  weighted filings) and its shortage of judicial resources (the District is currently authorized only six

14  district judges; two of those positions are currently vacant and without nominations).  The report further

15  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

16  guidance regarding gatherings of individuals.

17        8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

18  2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

19        9.      On May 13, 2020, General Order 618 issued, continuing court closures until further

20  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

21       10.     General Order Nos. 613, 614, 615, 616, 620, 621, 624, 628, and 630 have also issued and

22  made findings and implementing temporary emergency procedures in response to the COVID–19 crisis,

23  and these General Orders either remain in effect or have been superseded by a subsequent General Order

24  extending their provisions, with General Order 630 having issued on April 2, 2021 and remaining in

25  effect for 90 days thereafter. General Order 630 authorized further continuances of hearings and

26  exclusions under the Speedy Trial Act for another 90 days unless terminated earlier.

27       11.     Given these facts, it is essential that Judges in this District resolve as many matters as

28  possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

12. The sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

13. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  April 13, 2021                                      PHILLIP A. TALBERT
                                                           Acting United States Attorney

                                                           /s/ CHRISTOPHER S. HALES
                                                           CHRISTOPHER S. HALES
                                                           Assistant United States Attorney

Dated:  April 13, 2021                                      /s/ JEROME PRICE
                                                           JEROME PRICE
                                                           Counsel for Defendant
                                                           DEREK BLUFORD

## [PROPOSED] FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

   b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

///

///

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 630, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this _____ day of _____, _____.

_____
THE HONORABLE MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE