Derek Bluford, #77108-097
Defendant, In Pro Se
FCI Phoenix
37910 N. 45th Ave
Phoenix, AZ 85086

Defendant In Pro Se



FILED

JUN 15 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK BLUFORD,<br><br>Defendant. | Case No. 2:18-cr-00008-JAM<br><br>**REQUEST TO SEAL EXHIBITS IN MOTION FOR REDUCTION IN SENTENCE AND COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. 3582(C)(1)(A)**<br><br>**UNDER SEAL** |

Pursuant to Local Rule 141(b), the Defendant Derek Bluford, in *pro se*, respectfully requests an Order sealing Exhibits 1-2, 3, 5, 8, 10, 11, 11b, 12, 13, 14, 15-17, 18, and 19 of Defendant's Reply to the Government's Opposition to Motion for Reduction in Sentence and Compassionate Release. The Exhibits consists of Bureau of Prisons (BOP) medical records and Kaiser Permanente medical records pertaining to Mr. Bluford, detailing specifics of Mr. Bluford's care, diagnosis, and medications. These medical records contain sensitive and personal health information of Mr. Bluford.

The Court may order documents to be filed under seal. Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F. 2d 1462 (9th Cur. 1990). While the press and the public have a presumed right of access to court proceedings and documents under the First Amendment, this presumed right is not absolute. See Press-Enterprise Co v. Superior Court, 464 U.S. 501, 510 (1985). It can be overcome "based on findings that closure is

essential to preserve higher values and is narrowly tailored to serve that interest." Id. From the Court's perspective, the controlling "interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." Id.

Here, the Defendant seeks to file Exhibits 3, 5, 10, 11, 11b, 12, 14, 18, and 19 of Defendant's Reply to the Government's Opposition to Motion for Reduction in Sentence and Compassionate Release under seal. This Motion is not currently available to the public and consists of BOP medical records and Kaiser Permanente medical records pertaining to the Defendant. These records are available to the assigned attorneys for the United States and their legal support staff, and the BOP. No other parties receive a copy of, or access to, these documents because they contain sensitive medical information particular to Mr. Bluford.

Many courts have recognized that the need to protect medical privacy has qualified as a "compelling reason", for sealing records in connection with a dispositive motion. See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principle Life Ins. Co., No. C 10-02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D. Cal. Jan. 10, 2011). Due to the need to protect the defendant's medical privacy, the Defendant files this request, seeking to keep the documents contained in the Motion for Reduction in Sentence and Compassionate Release under seal.

Based on the information contained in the Motion for Reduction in Sentence and Compassionate Release, and for the foregoing reasons, the Defendant respectfully request that this Court order Exhibits 3, 5, 10, 11, 11b, 12, 14, 18, and 19 of Defendant's Reply to the Government's Opposition to Motion for Reduction in Sentence and Compassionate Release to be filed under seal. The Defendant makes this narrowly tailored request to keep private documents that share nonpublic information concerning Mr. Bluford and his medical history.

DATED at Folsom, California this 14th day of June, 2023. This is submitted on behalf of Mr. Bluford by his Power of Attorney.

>Respectfully submitted,
>DEREK BLUFORD
>In Pro Se