PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0008-JAM |
|---|---|
| Plaintiff, | UNITED STATES' SUR-REPLY |
| v. | |
| DEREK BLUFORD, | |
| Defendant. | |

The Court should deny Defendant Derek Bluford's request for an advisory declaration reducing his criminal history category and advisory guidelines range. Bluford is not eligible for any relief under 18 U.S.C. § 3582(c)(2) and the Court lacks authority to alter a final judgment in the way that Bluford requests.

By way of background, Bluford filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821's amended status points provision. ECF No. 158. In his motion, Bluford acknowledged that he may not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), but asked that even if the Court finds him ineligible for a sentence reduction that the Court reduce his criminal history category because it may affect his access to the Bureau of Prison's First Step Act programming. ECF No. 158. The government opposed Bluford's motion. ECF No. 159. Because Bluford's current sentence falls below the bottom of the amended range after application of the amended status points provision, he is ineligible for the only relief 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 offer—a

1  sentence reduction—and the Court lacks authority to amend what is an otherwise final judgment. *See*
2  ECF No. 159.  Bluford filed a pro se reply again requesting that the Court reduce his criminal history
3  category.  ECF No. 160.

4       On September 20, 2024, defense counsel entered a notice of appearance and filed a supplemental
5  reply.  ECF Nos. 164, 165.  In the supplemental reply, Bluford, through his counsel, admits that he is not
6  eligible for a sentence reduction pursuant to Amendment 821.  ECF No. 165 at 1.  Bluford also
7  requested that the Court to enter a proposed order that was separately emailed to chambers and
8  undersigned counsel.[1]  ECF No. 165.  Bluford's proposed order asks the Court to deny his Section
9  3582(c)(2) motion (as it must) but simultaneously grant him relief by reducing his criminal history
10 category and advisory guideline range under the amended status points provision.

11      This Court lacks authority to grant the defendant's request.  Bluford does not dispute that he is
12 ineligible for a sentence reduction under Section 3582(c)(2).  Rather, he asks this Court to make a
13 declaration that his criminal history category and advisory guideline range would be lower under
14 Amendment 821.  Because Bluford is ineligible for a sentence reduction under Section 3582(c)(2), he
15 cannot now be offered any other relief.  It is undisputed that under Section 3582(c)(2), the Court
16 possesses authority to grant only the type of relief that Section 3582(c)(2) authorizes, that is, a reduction
17 in sentence.  *See Dillon v. United States*, 560 U.S. 817, 825 (2010) ("§ 3582(c)(2) does not authorize a
18 sentencing or resentencing proceeding" but instead "provides for the modification of a term of
19 imprisonment" (internal quotation marks and brackets omitted)).

20      A criminal sentence is final and cannot be modified unless modification is "expressly permitted"
21 by statute or rule.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2002).  The limited circumstances
22 in which a criminal sentence can be modified are addressed in 18 U.S.C. § 3582(c), and include:
23 (1) compassionate release, (2) as expressly permitted by statute or Rule 35 of the Federal Rules of
24 Criminal Procedure; and (3) other narrow grounds in addition to the provision applicable to retroactive

---

[1] Defense counsel emailed chambers an AO 247, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). On the first page of the AO 247, defense counsel proposes that the motion be "denied." The AO 247 indicates that Parts I and II of the second page are to be completed when the motion is granted. Despite admitting that the motion must be denied, counsel asks the Court to list an amended criminal history category and guideline range in Part I on the second page of the AO 247.

UNITED STATES' SUR-REPLY      2

guideline amendments.  *See Pepper v. United States*, 562 U.S. 476, 502 (2011) ("Once imposed, a sentence may be modified only in very limited circumstances.  *See* § 3582(c).").  None of these circumstances apply here.

There is no express legal authority to adjust Bluford's judgment in the way he requests: the Court cannot deny his Section 3582(c)(2) motion while simultaneously granting him relief.  Bluford bears the burden of establishing the legal authority for the relief he seeks, and he fails to do so because no such authority exists.  His motion is not for compassionate release; he is out of time for a Rule 35 motion, *see United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011) (Rule 35's 14-day provision is jurisdictional); and the relief he seeks is not authorized by Section 3582(c)(2).  In addition, federal courts do not have inherent authority to modify sentences once they are imposed.  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).

To the extent a different criminal history score would be of interest to Bureau of Prisons, the defendant may provide this information administratively and seek any administrative relief that may be available.  His motion for a sentence reduction should be denied and his request for an advisory declaration reducing his criminal history category and guideline range should be dismissed.

Dated:  September 29, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

UNITED STATES' SUR-REPLY   3